IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MELVIN DORTHICK, | ) | |
| | ) | |
| Petitioner, | ) | No. C 07-1012 CRB (PR) |
| | ) | |
| vs. | ) | No. C 07-2341 CRB (PR) |
| | ) | |
| B. CURRY, Warden, | ) | (Doc # 2) |
| | ) | |
| Respondent. | ) | ORDER TO SHOW CAUSE |
| | ) | |

Petitioner, a state prisoner incarcerated at the Correctional Training Facility in Soledad, California, has filed two pro se petitions for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California Board of Parole Hearings' ("BPH") January 24, 2006 decision to deny him parole for two years. In the first petition, petitioner challenges BPH's finding that he is not suitable for parole and, in the second petition, petitioner challenges BPH's decision not to grant him another parole suitability hearing for two years.

In order to simplify these proceedings, the clerk is instructed to consolidate the two petitions as follows: file a copy of the petition in case number C 07-2341 into case number C 07-1012, and close the file (and terminate all motions) in case number C 07-2341. All future filings shall take place in case number C 07-1012 only.

## BACKGROUND

In 1974, petitioner was convicted of first degree murder by a jury in the Superior Court of the State of California in and for the County of Alameda and was sentenced to life in state prison with the possibility of parole in seven years.

Petitioner has been denied parole each time he has appeared before the BPH (formerly the Board of Prison Terms ("BPT")). On January 24, 2007 and March 21, 2007, the Supreme Court of California denied review of his current challenges to the BPH's decision of January 24, 2006.

## DISCUSSION

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.   Legal Claims

Petitioner seeks federal habeas corpus relief from the BPH's January 24, 2006 decision to deny him parole for two years. Among other things, petitioner claims that the decision is not supported by some evidence in the record having an indicia of reliability. Petitioner also claims that the parole decision based on the Determinate Sentencing Law ("DSL") and DSL regulations, rather than under the Indeterminate Sentencing Law ("ISL") and regulations in force at the time of his offense and sentencing, violated his rights under the ex post facto and due

process clauses.  Liberally construed, petitioner's claims appear colorable under § 2254 and merit an answer from respondent.  See <u>Sass v. Cal. Bd. of Prison Terms</u>, 461 F.3d 1123, 1127-29 (9th Cir. 2006) (finding that refusal to set parole date for prisoner with 15-to-life sentence implicated prisoner's liberty interest in release on parole which cannot be denied without adequate procedural due process protections).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the petitions and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

SO ORDERED.

DATED:  Aug. 02, 2007

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.07\Dorthick, M1.or1.wpd